IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KNANISHU,  　　　　　　　No. 2:14-CV-0579-TLN-CMK-P

  Petitioner,

 vs.  　　　　　　　FINDINGS AND RECOMMENDATIONS

SPEARMAN,

  Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's unopposed motion to dismiss (Doc. 23).

Respondent argues, among other things, that this court lacks jurisdiction to consider the instant petition because it is a second or successive petition filed without first obtaining authorization from the Ninth Circuit Court of Appeals.  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed."  Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be

dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id.  Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court.  See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990).  Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive.  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered.  See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009).  Likewise, the denial of a petition on procedural default grounds is also a determination on the merits.  See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

A review of petitioner's filings in this court reflects that petitioner filed a prior habeas action, Knanishu v. Hedgpeth, 2:10-CV-2171-CMK, in August 2010.  That petition was dismissed as untimely on February 28, 2011.  Because petitioner has not obtained prior

authorization from the Ninth Circuit to file the instant petition, the court agrees with respondent that it must be dismissed for lack of jurisdiction.

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 23) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  August 18, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE